# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

VICTOR MANUEL U.M.,[1]
(A Number: 245-730-379),

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-04358-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

(Doc. 1)

Petitioner Victor Manuel U.M. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 8, 2026, Petitioner filed a petition for writ of habeas corpus, (Doc. 1), a motion for temporary restraining order, (Doc. 2), and a motion to appoint counsel, (Doc. 3). In the petition, Petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner claims that he should be immediately released because he has been detained for longer than the six-month presumptively reasonable period of detention, and there is good reason to believe their removal is not significantly likely to occur in the reasonably foreseeable future.

The Court hereby takes judicial notice of *Utrera-Martinez v. Sergio Albarran, et al.*, No.

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1:26-cv-02214-JLT-EGC.[2] In that petition, Petitioner alleged violations of the Administrative Procedure Act, a violation of the Immigration Nationality Act, and a violation of his Fifth Amendment due process rights. On April 8, 2026, the Court granted the petition and directed Respondents to provide a substantive bond hearing. On June 8, 2026, Petitioner filed another petition and commenced the instant case, in which Plaintiff repeats his argument that he is entitled to bond hearing and seeks immediate release. (Doc. 1). .

"Pursuant to 28 U.S.C. § 2244(a), '[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." *Ader O.L. v. Warden, California City Immigration Center*, No. 1:26-cv-03385-TLN-AC, 2026 WL 1299005, at *1 (E.D. Cal. May 12, 2026); *Tate v. Borla*, No. 1:25-cv-01704 JLT SKO (HC), 2025 WL 3769421, at *1 (E.D. Cal. Dec. 31, 2025). Further, the Ninth Circuit has clarified that 28 U.S.C. § 2244(a) "prevents a federal inmate from using § 2241 'to call into question the validity of a conviction or sentence that has already been subject to collateral review,'" *Ader O.L.*, 2026 WL 1299005, at *1 (quoting *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1988)), as "§ 2244(a) bars successive petitions seeking review of the propriety of a detention 'pursuant to a judgment of a court of the United States," *id.* (quoting *Felker v. Turpin*, 518 U.S. at 651, 662–63 (1996)).

Here, the undersigned finds the instant petition presents the same issues that were decided in the earlier action. In that earlier action, on April 8, 2026, District Judge Jennifer L. Thurston the Court granted the petition and directed Respondents to provide a substantive bond hearing. (*See* 1:26-cv-02214, Doc. 8). In this second action, Petitioner contends, in a fill-in-the-blank form petition, that he has been detained "for over 3 months,"[3] that a bond hearing has not been conducted, and that his "prolonged detention without a hearing on danger and flight risk violates

[2] *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

[3] In the petition, Petitioner states he "has been detained in DHS custody since March 2026." (Doc. 1 at 5).

the Due Process Clause of the Fifth Amendment." (Doc. 1 at 2). Petitioner requests "immediate release due to an unforeseeable removal," stating he is "not flight risk or danger to community." (*Id*. at 5). The Court finds this petition is successive as it again seeks review of Petitioner's same detention. *See Ader O.L.,* 2026 WL 1299005, at *1.

The undersigned also finds that dismissing this action as successive would not prejudice Petitioner because even if the Court were to examine the merits, the undersigned observes that Petitioner's only new claim is that his detention is unconstitutionally prolonged pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).[4] And the relief available pursuant to *Zadvydas* is a bond hearing, which Petitioner has been given.[5] Further, *Zadvydas* addressed detentions under 8 U.S.C. §1231. Here, Petitioner appealed his order of removal to the BIA and thus it is not final, meaning Petitioner's detention still falls under section 1226(a). Petitioner has not provided any argument as to why this Court should extend the logic of *Zadvydas* to cases in which a Petitioner is detained pursuant to section 1226(a).

Further, on the claims that overlap with Petitioner's prior petition, a review of Respondents' July 8, 2026, status report reveals that on June 29, 2026, the Board of Immigration Appeals ("BIA") accepted Petitioner's appeal from the Immigration Judge's April 28, 2026, removal order and indicated a briefing schedule would be set—undermining Petitioner's claims that their removal is unforeseeable. (*See* Doc. 14-2). Notably too, Petitioner's instant petition, filed June 8, 2026—more than a month after an Immigration Judge ordered Petitioner's removal—makes no reference to the bond hearing that occurred following Judge Thurston's earlier order or Petitioner's appeal that followed. (*See* Doc. 1).

In any event, the legality of Petitioner's detention has previously been determined by Judge Thurston and the undersigned finds that the instant petition is successive. *Ader O.L.,* 2026 WL

---

[4] Six months is a presumptively prolonged detention. Here, even presuming Plaintiff has been detained as early as March 1, 2026 since he does not provide a more specific date, Petitioner would not meet the presumptive period until September 1, 2026.

[5] Petitioner can request a further hearing if any circumstances change. *See Mosqueda Sandoval v. Warden of the Golden State Annex Detention Facility*, No. 1:26-cv-02832-JLT-EGC, 2026 WL 1493110, at *3 (E.D. Cal. May 28, 2026) (denying habeas petition challenging adequacy of bond hearing and stating: "If Petitioner's detention becomes unreasonably prolonged, Petitioner may raise a due process challenge at that time."(citing *Lopez v. Garland*, 631 F.Supp.3d 870, 877–82 (E.D. Cal. 2022))).

1299005, at *1

## RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS the petition for writ of habeas corpus, (Doc. 1), be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 13, 2026**

Erin Sanger Castillo

UNITED STATES MAGISTRATE JUDGE